UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWN JACKSON | CIVIL ACTION |
| VERSUS | NO: 07-6645 |
| SHAUN F. SCOTT | SECTION: "A" (4) |

### ORDER

On June 27, 2008, the Court granted as unopposed Plaintiff's Motion to Compel Answers to Interrogatories and Requests for Production (R. Doc. 18), filed by the Plaintiff, Shawn Jackson ("Jackson"). (R. Doc. 20). In his motion to compel, Jackson sought the award of reasonable attorney's fees associated with the motion. Therefore, the Court ordered Jackson to file a motion to fix attorney's fees into the record. (R. Doc. 20).

Jackson subsequently filed **Plaintiff's Motion to Fix Attorney's Fees (R. Doc. 21)** and attached two declarations, one by an attorney named Robert E. McKnight, Jr. ("McKnight") and one by Jackson's counsel, Andrea J. Wilkes ("Wilkes"). In Wilkes' declaration, she itemized the services that she rendered in connection with Jackson's motion to compel and motion to fix attorney's fees.

In total, Jackson seeks the recovery of $1,460.00 in attorney's fees. Based on the materials submitted by Jackson regarding the time expended on the motions, his attorney worked 7.30 hours at a rate of $200.00, for a resulting total of $1,460.00.

The Defendant, Shaun F. Scott ("Scott"), filed an Opposition to Motion for Attorney's Fees

(R. Doc. 25). Scott concedes that he submitted late responses in July 2008 to Jackson's discovery requests, which were propounded on March 14, 2008. (R. Doc. 18-3, p. 13). However, he contends that he was unable to answer Jackson's discovery inquiries because of his dire financial condition. He alleges that he is on the verge of bankruptcy and that his home is vulnerable to foreclosure because of his losses from Hurricane Katrina. He argues that with his low income, he is unable to afford his increased insurance premiums, mortgage, credit card debt, real estate taxes, and most importantly, his legal fees.

Because of his financial situation, Scott asserts that he attempted to interview witnesses and take their declarations for a motion for summary judgment to save on legal costs. Furthermore, he indicates that his counsel did not act on the outstanding discovery, because of his inability to pay the fees. He maintains that he continued to gather documents for the litigation during this time. Therefore, Scott suggests that he did not willfully fail to respond to the discovery, and therefore, should be absolved from paying Jackson's legal fees on the motions.

Scott also argues that Jackson's motion to compel is "garden-variety," in that it does not involve any complex issues and is more appropriately prepared by a junior associate. Scott contends that the 7.30 hours spent on the motions, which totaled six (6) pages, are excessive, for counsel effectively billed $243.00 and spent 1.20 hours per page. Therefore, Scott asserts that the Court should adjust Jackson's requested hourly rate downward. The Court considers the parties' arguments below.

**I.      Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## II.   Analysis

While the Court acknowledges Scott's assertions that he was in serious financial peril and therefore unable to afford attorney assistance in answering discovery, the Court stresses that it has already awarded Jackson attorney's fees in connection with the motion to compel, because Scott failed to: (1) timely oppose Jackson's motion; (2) object to Jackson's discovery, and/or (3) seek an extension to respond to discovery with the Court. Therefore, the only issue before the Court is calculating the amount of fees due to Jackson, and not whether Jackson is entitled to attorney's fees.

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

Scott's financial circumstances have no bearing on the award of attorney's fees here.

     **A.**     <u>**Calculating a Reasonable Hourly Rate**</u>

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D.La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should

consider this rate when fixing the hourly rate to be allowed.  When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

Here, Jackson seeks the recovery of $1,496.00 in attorney's fees for 7.30 hours of work by his counsel on the motion to compel and motion to fix attorney's fees, at the hourly rate of $200.00.  In support of the hourly rate, Jackson submits the declarations of: (1) his attorney, Wilkes; and (2) another attorney, McKnight.

According to Wilkes' declaration, she earned a B.A. degree from Yale University in 1987 and a J.D. from Vanderbilt University Law School in 1992. (R. Doc. 21-6).  She asserts that she has practiced law for approximately 16 years for the federal government and as an associate and of counsel in private practice. (R. Doc. 21-6).  Wilkes indicates that she is currently on Tulane Law School faculty as a Clinical Instructor and Supervisory Attorney with the Civil Litigation clinic. (R. Doc. 21-6).  Additionally, Wilkes avers that she is licensed to practice law in the States of: (1) Louisiana, (2) Kansas, (3) Missouri, (4) Wisconsin, and (5) Texas, and that she has extensively practiced labor, employment, and civil rights law. (R. Doc. 21-6).  Wilkes attests that she charges an hourly rate of $200.00 for her legal work and that she expended 7.30 hours on Jackson's motion to compel and associated motion to fix attorney's fees. (R. Doc. 21-6).

Jackson also submits the supporting declaration of McKnight in further support of Wilkes' requested fee.  In the supporting declaration, McKnight claims that he is acquainted with Wilkes and opines that her hourly rate of $200.00 is commensurate with the market rates of attorneys with her level of skill, expertise, ability, and years of experience in the same locality.

After considering Wilkes' approximate 16 years of legal experience and hourly rate of $200.00, the Court finds that her requested rate is within the range of the prevailing market rates

previously found by this Court and by other courts in this District. *See Battiste v. Allstate Ins.Co.*, Civ. A. 07-8790, 2008 WL 2787468, at *2 (E.D. La. Jul. 16, 2008) (Roby, J.) (awarding an hourly rate of $150.00 to a lawyer with eighteen (18) years of legal experience); *Davis v. American Sec. Ins. Co.*, Civ. A. 07-1141, 2008 WL 12228896 (E.D. La. May 28, 2008) (Roby, J.) (awarding hourly rates of $125.00 for an attorney with one (1) year of legal experience and $150.00 for an attorney with twenty-four (24) years of legal experience); *Creecy v. Metropolitan Prop. and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience). Therefore, after reviewing the prevailing market rates for legal services in this area from the case law, the Court concludes that a rate of $200.00 is appropriate and reasonable for Wilkes' work on the motions.

### B.     **Determining the Reasonable Hours Expended**

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the

case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Wilkes asserts that she exercised billing judgment by omitting: (1) duplicative fee entries; (2) time co-counsel expended consulting with Wilkes or reviewing drafts; (3) time expended by Wilkes' research assistant; (4) time consulting, meeting, and conferring with other attorneys; (5) and time for the final edit and filing of the motion to fix attorney's fees. (R. Doc. 21-6). While Wilkes maintains that she exercised billing judgment, Scott contends that the number of billed hours is excessive. Therefore, the Court conducts a line-by-line analysis of the billing statement, to determine the reasonableness of Jackson's requested fees.

After examining Wilkes' billing entries line-by-line, the Court concludes that the 4.90 hours Wilkes reported on the motion to compel is excessive in several respects. First, Jackson's motion to compel was not a motion to test the sufficiency of Scott's discovery responses. Jackson propounded discovery and Scott did not answer. The motion was not difficult nor did it involve novel or unique issues of law or fact. Rather, it was simply a standard motion to compel responses that were required under the Rules.

Jackson's motion and supporting memorandum reflect the lack of difficulty of the motion. In the motion and accompanying documents, Jackson cites to no case law in support of his position. Without the captions, headers, signature lines, and certificates of service, the motion to compel and

supporting memorandum would only consist of a combined total of two and a half double-spaced pages.

Furthermore, based on the Court's calculation, Wilkes has practiced law in Louisiana for at least five years, for she practiced in Louisiana some time during 1994 to 2000, between 2000 to 2001, between 2002 to 2005, and from 2007 to the present. (R. Doc. 21-6). Considering Wilkes' 16 years as an attorney, five years of legal practice in Louisiana, and the relative ease of the routine discovery motion, the Court finds that 4.90 hours spent in drafting, compiling, editing, and filing the motion and associated parts is excessive. Rather, the Court finds that 2.00 hours is sufficient for an attorney of Wilkes' experience to complete such a motion to compel. The Court therefore deducts 2.90 hours from the 4.90 hours itemized in Wilkes' fee request with respect to the motion to compel. The Court grants Wilkes' fee award as to the remaining 2.00 hours.

After conducting a line-by-line analysis of the remainder of Jackson's legal bill, the Court concludes that the rest of the time reported was reasonably expended, and not excessive. Therefore, the Court awards Jackson $880.00 in legal fees for a total of 4.40 hours for Wilkes' time spent on the above-mentioned motions and associated parts.

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an

upward or downward departure here. The Court has already considered the *Johnson* elements in its line-by-line determination of the lodestar. While the Court takes note of Scott's financial condition and his ultimate response to the outstanding discovery, the Court nevertheless awards Jackson a total of $880.00 for 4.40 hours of work performed on the motion by Wilkes.

### III.  Conclusion

Accordingly,

**IT IS ORDERED** that Jackson's **Plaintiff's Motion to Fix Attorney's Fees (R. Doc. 21)** is **GRANTED**. The Court finds that a total fee of **$880.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Scott satisfy his obligation to Jackson no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 11th day of December 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**